Filed 2/22/22  P. v. Smith CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JASON EDWARD SMITH, SR.,<br><br>        Defendant and Appellant. | A162699<br><br>(Humboldt County<br>Super. Ct. No. CR2002989B) |

Defendant Jason Edward Smith, Sr., appeals from the trial court's imposition of a stipulated three-year prison term following Smith's guilty plea to a single count of first degree residential robbery.  After the trial court granted Smith's request for a certificate of probable cause—allowing him to appeal from the preplea denial of his motion to dismiss under *Brady v. Maryland* (1963) 373 U.S. 83 (*Brady*)—Smith's appointed appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), identifying no issues and requesting that this court review the record and determine whether any arguable issue exists on appeal.  Having done so, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On April 16, 2021, the Humboldt County District Attorney filed a third amended information, alleging that Smith had committed felony first degree

residential robbery on or about August 27, 2020 (Pen. Code,[1] § 211; count 1); felony assault with a firearm (§ 245, subd. (a)(2); count 2); felony possession of a firearm by a felon (§ 29800, subd. (a)(1); count 3); and misdemeanor possession of an injection/ingestion device (Health & Saf. Code, § 11364, subd. (a); count 4). Count 1 was enhanced with allegations of personal and intentional discharge of a fireman with great bodily injury. (§ 12022.53, subds. (b), (c) & (d).) Count 2 was enhanced with allegations of use of a firearm and great bodily injury. (§§ 12022.5, subd. (a) & 12022.7, subd. (a).)

The underlying facts with respect to the charges were elicited during the preliminary hearing on October 30, and November 2, 2020.[2] On the afternoon of August 26, 2020, Bryan M. took a short nap in his apartment while a friend of his, Michelle Odjick, was present. Odjick was aware that Bryan had considerable cash in his apartment because he was planning to buy a car. When he awoke, it appeared to Bryan that Odjick was trying to buy heroin from his roommate with four $100 bills. He kept that exact amount of money in a box in his bedroom, and, when he checked, it was gone. Bryan therefore confronted Odjick and took the money out of her hand. Odjick became upset, stated the money was hers, and left the apartment with another woman, Kimberly Yale.[3]

Early the next morning, August 27, 2020, Bryan M. and his roommate were awakened by knocking on their front door. When he opened the door,

---

[1] All statutory references are to the Penal Code unless otherwise specified.

[2] The preliminary hearing transcript ultimately provided the factual basis for Smith's plea.

[3] Both Odjick and Yale were named as codefendants in the initial felony complaint in this matter filed on August 31, 2020. However, their cases were resolved separately, and they are not involved in this appeal.

Bryan was confronted by Odjick, Yale, and an individual later identified as Smith. Smith had a gun and demanded money from Bryan. Bryan refused, and, when he turned away and walked back into the apartment, he was shot in the arm. Bryan ran and barricaded himself in his roommate's room. Afterwards, Bryan reported various amounts of money missing. Bryan identified Smith as his assailant at the preliminary hearing with 100 percent certainty and had identified him the day after the incident as one of two possibilities in a six-pack photo lineup.

Odjick and Yale were arrested on the day of the shooting. While in the patrol car, the two women were recorded confirming they were both on the porch when Bryan M. was shot. Yale also implicated Smith. In later police interviews, Yale and Odjick both identified Smith as the shooter. After he was arrested on August 29, 2020, Smith denied knowing either Yale or Odjick. Cell phone records subsequently confirmed, however, that Odjick and Smith had been in communication right up to the time of the shooting. At the conclusion of the preliminary hearing, Smith was held to answer on a number of counts, including the first degree residential robbery charge.

On May 5, 2021—after motions in limine had been heard in the case and the trial was eight days into jury selection—defense counsel filed a motion to dismiss under *Brady*, *supra*, 373 U.S. 83, claiming that the recent, late disclosure of four recorded interviews of Bryan M. and certain neighbors seriously disadvantaged Smith's defense. The prosecutor filed an opposition to the motion the next day, reporting that he became aware during jury selection that there might be additional evidence law enforcement had failed to provide to him after he viewed certain body-worn camera footage in preparation for trial which showed a possible second recording device. He followed up, obtained the recorded interviews, and immediately turned the

3

evidence over to the defense. While the prosecutor acknowledged that a small portion of the newly discovered evidence was exculpatory, he asserted it was not material, especially given the one-day continuance which allowed defense counsel the chance to effectively incorporate the new information into her trial strategy. He further argued that evidence is not suppressed for purposes of *Brady* if it can still be effectively used at trial. And he pointed out that, even if the court found a *Brady* violation in the case, remedies short of dismissal were available.

The court held an Evidence Code section 402 hearing on May 6, 2021, receiving testimony from the detective knowledgeable regarding the late discovery, and it also listened to the newly disclosed interviews. After argument, the trial court denied the motion to dismiss. The court reviewed the new information, finding small portions of the interviews exculpatory. The court also analyzed the testimony from the preliminary hearing and concluded there was no reasonable probability that disclosure of the evidence prior to the preliminary hearing would have changed the probable cause determination. (See *Bridgeforth v. Superior Court* (2013) 214 Cal.App.4th 1074, 1087.) The court concluded that certain of the interviews would be admissible at trial to avoid any problem regarding faded memories due to the late disclosure and expressed its willingness to consider an expedited *Pitchess*[4] motion in the case. The court also opined that the defense would be able to argue that the prosecution had evidence that might exculpate Smith and failed to preserve it.

On May 7, 2021, the parties presented a negotiated resolution to the court. The court advised Smith of his rights, and Smith submitted a written waiver of rights to the court. Smith then pleaded guilty to count one in

---

[4] *Pitchess v. Superior Court* (1974) 11 Cal.3d 531.

return for the dismissal of the remaining counts, all special allegations, and three other cases (Super. Ct. Humboldt County, Nos. CR1903513, CR2001022, and CR2003094).[5]  The court found Smith's plea to be knowing, intelligent, and voluntary.  After Smith waived preparation of a presentence report, the court moved immediately to sentencing.  Per the terms of the stipulated resolution, the court sentenced Smith to the three-year low term on count one.  Credits were set at 288 days.  The court also imposed a $40 court operations assessment (§ 1465.8, subd. (a)(1)), a criminal conviction assessment of $30 (Gov. Code, § 70373), a restitution fine of $900 (§ 1202.4, subd. (b)), and a corresponding suspended parole revocation fine (§ 1202.45, subd. (a)).  The court declined to impose other potential fines and fees after finding Smith indigent.  The probation department was ordered to prepare and submit a postsentence report.  Smith filed a timely notice of appeal with a certificate of probable cause permitting consideration of the preplea denial of his motion to dismiss under *Brady*.

## DISCUSSION

As discussed above, Smith appealed from the trial court's May 2021 sentencing order made after he pleaded guilty to felony first degree residential robbery.  We appointed counsel to represent him.  After examining the record, counsel filed a *Wende* brief raising no issues on appeal and requesting that we independently review the record.  (*Wende*, *supra*, 25 Cal.3d at p. 441; see also *People v. Kelly* (2006) 40 Cal.4th 106, 109–110.) Smith was advised by his attorney of the opportunity to file a supplemental brief with this court, but he has not done so.

---

[5] The dismissal of case No. CR1903513 was pursuant to a *Harvey* waiver to stay away from the WinCo Foods supermarket in Eureka.  (See *People v. Harvey* (1979) 25 Cal.3d 754, 758–759.)

We have examined the entire record and are satisfied that Smith's attorney has complied with his responsibilities and that no arguable issue exists. In particular, we see no arguable issues in the trial court's through handling of the *Brady* issue. (See *People v. Mora and Rangel* (2018) 5 Cal.5th 442, 467 ["Evidence actually presented at trial is not considered suppressed for *Brady* purposes, even if that evidence had not been previously disclosed during discovery."].) We additionally see no issues with respect to the fines and fees imposed by the court, to which counsel did not object despite the court having raised the issue of ability to pay.

## DISPOSITION

The judgment is affirmed.

EAST, J.*

WE CONCUR:

HUMES, P. J.

BANKE, J.

A162699
*People v. Smith*

* Judge of the San Francisco Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.